**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-4696**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO MORQUETT PHILLIPS, a/k/a Antoine Phillips, a/k/a Antonio Phillips,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:22-cr-00037-KDB-DCK-1)

―――――――――

Submitted:  May 15, 2025                                    Decided:  May 19, 2025

―――――――――

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Mekka Jeffers-Nelson, LAW OFFICE OF MEKKA JEFFERS-NELSON, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Morquett Phillips pled guilty, pursuant to a written plea agreement, to possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced him to 84 months' imprisonment. On appeal, Phillips' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Phillips received ineffective assistance of counsel based on his attorneys' failure to move to suppress evidence obtained pursuant to a search warrant and to contest the total drug weight attributed to Phillips at sentencing. Although informed of his right to do so, Phillips has not filed a pro se supplemental brief. We affirm.

To demonstrate ineffective assistance of counsel, Phillips "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted); *see United States v. Campbell*, 963 F.3d 309, 319 (4th Cir. 2020) (declining to consider claim on direct appeal where the "record fail[ed] to conclusively show ineffective assistance" (internal quotation marks omitted)). Because there is no demonstrated evidence of ineffective assistance, we decline to address these claims on direct appeal. Rather, Phillips' claims should be raised, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4

(4th Cir. 2006). We express no opinion as to the merits of Phillips' ineffective assistance of counsel claims.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Phillips, in writing, of the right to petition the Supreme Court of the United States for further review. If Phillips requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Phillips. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*